IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE D. WALKER,

    Plaintiff,                                                                                  ORDER

    v.                                                                                     13-cv-816-wmc

DR. STONE, *et al.*,

    Defendants.

---

    Plaintiff Eddie D. Walker is an inmate incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution.  Walker has filed a proposed civil action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at the Kenosha County Jail.  He has neither paid the filing fee, nor submitted a motion for leave to proceed *in forma pauperis* as required by 28 U.S.C. § 1915(a)(2), but has provided a certified copy of his inmate trust fund account statement.  He has also filed a motion for summary judgment.  (Dkt. # 3).  That motion will be denied and this case will be dismissed for reasons set forth briefly below.

    According to Walker's two-page complaint, two physicians employed by "Kenosha United Hospital" (Dr. Stone and Dr. Bloom) misdiagnosed an unspecified medical condition or failed to treat him properly while he was in custody of the Kenosha County Sheriff's Department.  Walker, who reportedly required surgery to remove "20% of his right lung," also accuses numerous John or Jane Doe administrators, doctors, nurses and "contract workers" employed by the Hospital, the Kenosha County Sheriff's Department, and the Kenosha County Correctional Health Service of acting with deliberate

indifference or reckless disregard for his pain and suffering.

Court records confirm that Walker previously filed a complaint concerning the same subject matter in the Eastern District of Wisconsin. *See Eddie D. Walker v. Kenosha County Jail, et al.,* Case No. 12-cv-141. On April 19, 2012, the presiding judge dismissed all of the named defendants in that case (the Kenosha County Jail, the Kenosha County Detention Center, the Kenosha County Sheriff's Department, and Kenosha United Hospital) after screening Walker's claims as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, and directed Walker to amend his complaint. On August 1, 2012, that case was dismissed "without prejudice" for want of prosecution after Walker failed to comply with the court's order to amend his complaint. In October of 2013, Walker tried to re-open Case No. 12-cv-141, but the court denied that request and advised Walker that he would have to start over by opening a new case.

Instead of re-filing his complaint as a new civil action in the Eastern District, Walker chose to file his claims here in the Western District. As explained to Walker previously in *Walker v. Dr. Stone, et al.*, Case No. 13-cv-471 (W.D. Wis.), his proposed complaint does not belong here.[1] In that respect, it remains evident that a substantial part, if not all, of the events or omissions giving rise to the proposed complaint occurred in Kenosha, where the defendants are employed. Kenosha County is located in the

---

[1] In *Walker v. Dr. Stone, et al.*, Case No. 13-cv-471 (W.D. Wis.), plaintiff filed a proposed complaint concerning the same issues raised in Case No. 12-cv-141 (E.D. Wis.). Noting that Walker expressly intended to litigate the complaint that he originally filed in Case No. 12-cv-141, the court attempted to transfer the proposed pleadings for consideration in that case. At the time of transfer, this court was unaware Walker would be barred from litigating his claims in that case by a local rule in the Eastern District, which precludes re-opening an action that has been closed for more than 21 days.

Eastern District of Wisconsin, as is the Waupun Correctional Institution (Dodge County), where Walker is presently confined. *See* 28 U.S.C. § 130(a).

Because neither the parties nor the incidents giving rise to this lawsuit have any connection to the Western District of Wisconsin, this case was improperly filed here. *See* 28 U.S.C. § 1391(b). The court also notes that the complaint submitted by Walker does not comply with the form approved for use by prisoners under 42 U.S.C. § 1983, or any other form used for filing a civil action in federal district court.

Because the pleading appears to be facially deficient, this case will be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The dismissal will be without prejudice to re-filing the proposed complaint as a new civil action in the Eastern District of Wisconsin. Walker's motion for summary judgment, which at three-pages comes nowhere close to establishing grounds to prevail under Fed. R. Civ. P. 56, will also be denied as moot along with Walker's implicit request for leave to proceed *in forma pauperis*.

ORDER

IT IS ORDERED that:

1. The civil action filed by plaintiff Eddie D. Walker is DISMISSED for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The dismissal is without prejudice to re-filing the proposed complaint in this case as a new civil action in the United States District Court for the Eastern District of Wisconsin.

2. Plaintiff's request for leave to proceed without prepayment of the filing fee and his motion for summary judgment (Dkt. # 3) are DENIED as moot.

Entered this 18th day of December, 2013.

          BY THE COURT:

          /s/

          _____
          WILLIAM M. CONLEY
          District Judge